## Clemens v. Security Peoples Trust Co.

*Robert N. Spaeder*, for defendant Security Peoples Trust Company and G. Richard Fryling. *Donald N. Grieshober*, for plaintiff.

McCLELLAND, *J.*, January 29, 1981—These

cases have been consolidated since both relate to the same factual situation.

On March 5, 1969, Constance Clemens married W. Henry Fryling.

On February 10, 1970, a contract was entered into between R. Vera Conner, d/b/a/ Miss Lord Shop, and the Frylings. The subject matter of this contract was the redecorating of the Fryling residence at 4225 State Street, Erie, Pa. The residence, previously titled in the name of W. Henry Fryling, was gratuitously conveyed to W. Henry and Constance upon their marriage.

Work began pursuant to the contract and was completed around February, 1973. Previously, in April of 1972, Constance Fryling moved from the State Street residence and, on July 27, 1972, the parties were divorced. Around the time of their divorce, Constance gratuitously deeded her interest in the State Street property to W. Henry Fryling.

In 1975 R. Vera Conner, d/b/a/ Miss Lord Shop, filed suit (568-A-75) against W. Henry and Constance Fryling, to recover monies due her under the previously mentioned contract.*

An agreement was reached between R. Vera Conner, representatives of the Estate and Constance Clemens, who was represented by counsel. As a result of this agreement, a judgment was entered against defendants for $70,000. Shortly thereafter, the Estate of W. Henry Fryling paid the judgment with costs.

Constance Clemens then instituted an equity action at 43-E-79 asking rescission of her 1972 deed

---

*W. Henry Fryling died on December 1, 1977 so that the suit of 568-A-75 was amended, substituting the Estate of W. Henry Fryling. Security Peoples Trust is the executor of that estate. The name of Constance Fryling was also changed by amendment to Constance Clemens.

transfer of the State Street home and requesting one-half of the personal property contained in that home.

The executor of the Estate of W. Henry Fryling then filed suit at 70-E-79 demanding that Constance Clemens contribute one-half of the amount paid by the Estate to R. Vera Conner in satisfaction of the judgment entered at 568-A-75.

After hearing, plus filing of briefs, the cases await decision.

The first issue, as fran ed by the executors, is whether Constance Clem ns' action at 43-E-79 is barred by the statute of limitations or laches.

Fryling Estate cites 12 P.S. §31 as establishing a six-year limitation period. Section 31 was repealed and replaced by 42 Pa.C.S.A. §5527(6). This court believes that with regard to equity actions of this sort, reference still must be made to analogous actions at law and the six-year limitation continues to apply.

It cannot be disputed that Constance Clemens' action for an accounting accrued on the date of her divorce. See, e.g., Gambler v. Gambler, 34 Berks 225, 1942. Fraud, which would extend the six-year limitation period, was alleged in the Clemens' complaint but was not substantiated by any evidence. The divorce was entered July 27, 1972. The complaint at 43-E-79 was filed March 14, 1979. Since the six-year limitation was exceeded, this court dismisses Constance Clemens' equity action. (See Girsh v. Girsh, 218 Fed. Supp. 888, 1962 for relationship between laches and statute of limitations.)

Next, the court will address the issues of contribution as raised by the action at 70-E-79.

Constance Clemens does not dispute that she was co-obligor with regard to the decorating contract. Constance Clemens does argue that, as the con-

tract was not fully executed at the time of her separation from W. Henry Fryling, she received no benefit from that agreement. Thus, if it is decided that she must contribute one-half of the $70,000 judgment, the estate of her ex-husband would be unjustly enriched.

Contribution is, undoubtedly, an equitable doctrine. 8A Pennsylvania Law Encyclopedia, Contribution, Section 2.

Although the equitable defense of unclean hands has been successfully used to avoid contribution, Flanagan v. Duncan, 133 Pa. 373, 19 A. 405, 1980, we have been able to discover only one case where unjust enrichment was urged as a defense to a suit for contribution. (See McGlinn's Estate, 55 Montgomery 5, 1938.)

In the instant case, because Constance Clemens vacated the house during the redecoration, she did not benefit from the contract either during its execution or afterwards. Since she received no benefit, the Fryling Estate suffered no burden. The complaint at 70-E-79 is, likewise, dismissed.

## DECREE NISI

And now, January 29, 1981, the prayer of the complaints in 43-E-79 and 70-E-79 are dismissed. Costs to follow this order.